Maureen SLIWINSKI

v.

Thomas HARRINGTON et al.

No. 95–277 MP.

Supreme Court of Rhode Island.

March 13, 1996.

Robert Friel, Warwick.

Priscilla Pappadia, F. O'Halloran, Jr., E. Providence.

**ORDER**

This matter came before this court on March 5, 1996, pursuant to an order directing the parties to appear and show cause why the issues raised in the petition for certiorari should not be summarily decided. The defendant, Thomas Harrington (Harrington), on behalf of the State Department of Transportation, Division of Motor Vehicles (DMV), seeks review of an Administrative Adjudication Court Appeals Panel's decision rescinding an order suspending plaintiff's, Maureen Sliwinski (Sliwinski), driver's license, issued by the State of Rhode Island (Rhode Island), for a period of three months pursuant to G.L. 1956 § 31–11–16.

In or about 1960, Sliwinski was issued an operator's license in Rhode Island. Approximately thirty years later, on March 13, 1992, Sliwinski obtained a commercial drivers license from Rhode Island. Sliwinski subsequently obtained an operator's license from Florida on February 22, 1994.

The defendant alleged that, on October 28, 1994, Sliwinski appeared at the DMV and admitted that she attempted to obtain a "passenger endorsement" for her Rhode Island commercial drivers license so that she could obtain a permit to operate a school bus in Florida. However, because Sliwinski possessed two valid drivers licenses, one issued in Rhode Island and one in Florida, the DMV suspended Sliwinski's Rhode Island license

for one year on October 31, 1994 pursuant to § 31–11–16.

Upon Sliwinski's request, the DMV held an administrative hearing in which a hearing officer reduced the suspension from one year to three months. Sliwinski thereafter appealed to the Administrative Adjudication Court which upheld the agency's decision. She subsequently appealed to the Administrative Adjudication Court Appeals Panel (appeals panel). After hearing the arguments and reviewing the administrative record, the appeals panel rescinded the October 31, 1994 suspension order. It should be noted that neither the Administrative Adjudication Court nor the appeals panel offered any rationale for its respective actions in this case.

Harrington, on behalf of the DMV, has filed this petition for writ of certiorari which was granted on August 17, 1995. He seeks review by this court of the appeals panel's decision. In support of his petition for certiorari, Harrington argues that Sliwinski's possession of both a valid Rhode Island license and a valid Florida license was in violation of § 31–10–1. Specifically, § 31–10–1 provides that "[n]o person shall receive an operator's license unless and until he or she surrenders to the registry all valid operators' licenses in his or her possession issued to that person by any other jurisdiction. * * * No person shall be permitted to have more than one valid operator's license at any time."

In response, Sliwinski maintains that she was not a full-time resident of Florida until after October of 1994. She argues that she obtained a Florida license for non-residents as required by Florida and that the license is valid only in Florida. She therefore contends that since her Florida license was valid in Florida only, it cannot be considered a valid license pursuant to § 31–10–1. Moreover, Sliwinski argues, "[a]ll [she] did was comply with Florida statute * * [and] [t]o find that such a situation is a violation of Rhode Island General Law 31–10–1 would present Rhode Island motorists living part-time in the State of Florida with a Hobson's choice, that is, to comply with a Rhode Island statute and not obtain a restricted Florida

[o]nly license in Florida in which case they would be violating Florida law or to obey Florida law and obtain the restricted Florida license for part time residents in which case they would be violating the Rhode Island law."

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, the court is evenly divided on the issue of whether Sliwinski's actions were in violation of § 31–10–1. Because the court is equally divided on this issue, the findings of the appeals panel are affirmed. *See Gibbons v. Gibbons*, 619 A.2d 432, 434 (R.I.1993) (since the court was equally divided on the propriety of the general master's valuation of a professional practice in a divorce proceeding, the findings of the general master were affirmed).

For the foregoing reasons defendant's petition for certiorari is denied. The writ heretofore issued is quashed and the decision appealed from is affirmed. The papers of this case are remanded to the Administrative Adjudication Court Appeals Panel affirming their decision which vacated plaintiff's suspension in accordance with our decision endorsed thereon.